1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

10  UNITED STATES OF AMERICA,

11          Plaintiff,                          Case No. 2:05-CR-00441-KJD-LRL

12  v.                                          **ORDER**

13  CHRISTOPHER B. WILLIAMS,

14          Defendant.

15

16          Presently before the Court is the Report and Recommendation (#31) of the Honorable

17  Lawrence R. Leavitt recommending the denial of Defendant's Motion to Suppress (#21).  The

18  Defendant filed Objections to Report and Recommendation (#33), to which the Government filed a

19  response (#35).  After having reviewed the record in this case in accordance with 28 U.S.C.

20  § 636(b)(1)(C) and Local Rule LR IB 3-2, the Court will overrule Defendant's objections, adopt the

21  Report and Recommendation, and deny Defendant's motion.

22  **I.  Seized Firearm & Ammunition.**

23          In the underlying motion, Defendant asked the Court to suppress the firearm and ammunition

24  seized from his person because the officers conducted the search without reasonable suspicion.  After

25  conducting an evidentiary hearing, the magistrate judge found that under the totality of the

26  circumstances the police had a reasonable suspicion that Defendant was armed and dangerous and

1   posed an immediate threat to the safety of the officers and others.  Additionally, the magistrate judge

2   found that the police had probable cause to arrest him.  In making these findings, the magistrate

3   judge specifically outlined the circumstances surrounding Defendant's arrest and subsequent search.

4   In conclusion, the magistrate judge summarily stated that he based his findings on Defendant's

5   violation of traffic law, i.e. walking down the middle of the street, his aggressive behavior toward the

6   officers, and his failure to respond to their commands.

7          In his objections, Defendant argues that the magistrate judge erred in finding that probable

8   cause existed for his arrest because:  (1) the Report and Recommendation makes no mention of what

9   traffic law he violated; and (2) it placed improper emphasis on the fact that Defendant refused to

10  respond to the officers' commands.  Neither objection has merit.  The Report and Recommendation's

11  failure to cite the applicable traffic code does not change the fact that the magistrate judge

12  specifically noted the officers initially found the Defendant in the middle of an intersection.  The

13  officers were responding to calls reporting a man walking in the street shooting at cars.  Moreover,

14  the magistrate judge noted that Defendant ignored the officers initial commands and left the scene by

15  walking down the middle of the street.  These actions clearly constitute minor traffic violations.  The

16  failure to cite specific code sections is immaterial.

17         Likewise, Defendant's argument that the magistrate judge placed too much emphasis on his

18  refusal to respond to the officer's commands lacks merit.  Defendant attempts to challenge the three

19  summary reasons the magistrate judge gave in recommending the denial of this aspect of his motion.

20  A review of the whole report, however, indicates that the magistrate judge evaluated the totality of

21  the circumstances in reaching his recommendation.  The fact that the magistrate judge summarily

22  listed three reasons does not negate the extensive analysis he provided earlier in the report.  It is this

23  extensive and specific analysis that provides the support for the magistrate judge's recommendation.

24  **II.  Voluntary Statements.**

25         In the underlying motion, Defendant also asked the Court to suppress all statements he made

26  following his seizure because he did not voluntarily waive his Miranda rights.  Defendant alleged

2

1   that his inhalation of PCP as well as his injuries from the Taser gun rendered him unable to voluntary

2   waiver.  The magistrate judge found that the evidence belied his allegations.  Specifically, the

3   criminalist testified at the evidentiary hearing that he found only small amounts of a substance that

4   may have been PCP in Defendant's system, an amount so insufficient that criminalist routinely do

5   not perform further tests.  Additionally, the magistrate judge found that Defendant's injuries from the

6   Taser gun were minor as he was promptly treated and released from UMC.  Additionally, Officer

7   Crocker testified at the evidentiary hearing that Defendant was alert, well oriented and had no

8   difficulty understanding her questions.

9        In his objections, Defendant argues that the magistrate judge improperly discredited the

10  evidence that established Defendant to be under the influence of PCP.  The Court finds the objection

11  without merit.  Even assuming that Defendant had ingested something intoxicating, the testimony

12  unequivocally established that he was cogent and perfectly capable of understanding his rights and

13  knowingly and voluntarily waiving them.  The transcript of Defendant's voluntary statement supports

14  the finding that Defendant was cogent enough to voluntarily waive his Miranda rights.

15       Accordingly, IT IS HEREBY ORDERED that Defendant's Objections to Report and

16  Recommendation of U.S. Magistrate Judge (#33) are **OVERRULED**.

17       IT IS FURTHER ORDERED that the Report and Recommendation (#31) of Magistrate

18  Judge Lawrence R. Leavitt is **APPROVED** and **ADOPTED**.

19       IT IS FURTHER ORDERED that Defendant's Motion to Suppress (#21) is **DENIED**.

20       DATED this 3rd day of October 2006.

23  _____

    Kent J. Dawson
24  United States District Judge

3